UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| BORGWARNER DIVERSIFIED TRANSMISSION PRODUCTS, INC.,<br>Plaintiff, | ) ) ) ) | |
| vs. | ) ) ) | 1:09-cv-00236-LJM-JMS |
| INTERNATIONAL UNION, UNITED AUTOMOBILE, AEROSPACE, AND AGRICULTURAL IMPLEMENT WORKERS OF AMERICA, ITS LOCAL NO. 287, JIM BARRETT, LARRY BRADBURN, JAMES A. CLARK, JOHN W. FENNIMORE, TERRY GARRIOTT, BOBBY GUESS, EARL HERRON, DON HOBBS, DORAN C. KENDALL, JOHNNY MASSEY, KEITH MOSES, GERALD POOR, RALPH K. SMITH, LARRY TERRELL, MAX VAN ULZEN, WILLIARD L. SLOAN, EUGENE J. WINNINGHAM, BOB L. BERTRAM, and JAMES L. KELLEY, individually and as the representatives of a defendant class,<br>Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | |

## ORDER

This matter comes before the Court on the following motions: defendants', International Union, United Automobile, Aerospace, and Agricultural Implement Workers of America ("UAW") and UAW Local No. 287 ("Local 287", collectively, the "Union"), Motion to Dismiss; the Union's Motion to Strike Amended Complaint ("Motion to Strike") or, in the Alternative, Motion to Dismiss Plaintiff's Amended Complaint; the Union's Motion to Strike Notice (Other) of Ruling; and plaintiff's, Borgwarner Diversified Transmission Products, Inc. ("Borgwarner"), Motion to Amend Complaint (Dkt. No. 45). The Court has considered the parties' arguments and rules as follows.

## I. BACKGROUND

These same parties appeared before this Court in Cause No. 1:06-cv-00058-LJM-DML, wherein the parties sought clarification of their respective rights and responsibilities under certain collective bargaining agreements ("CBAs"). On September 28, 2008, the Court presided over a bench trial and, at the close Borgwarner's case in chief, the Court granted the Union's motion for judgment on partial findings. The Court determined that the plaintiff retirees' health benefits could not be reduced while the CBAs were in effect, and that the CBAs were not set to expire until April 24, 2009. Moreover, although Borgwarner enthusiastically sought the Court's opinion on the matter, the Court declined to opine on whether or not the CBAs provided the plaintiff retirees vested lifetime benefits.

Borgwarner moved the Court to reconsider its decision on lifetime benefits, but the Court declined, distinguishing the Seventh Circuit case law cited by Borgwarner. In short, although Borgwarner represented that it would promptly close the plant at issue and terminate the CBAs on April 24, 2009, the Court concluded that the dispute regarding the plaintiff retirees' right to lifetime benefits was not ripe because the parties could still negotiate around a possible plant shutdown. In addition, because the Court determined that the CBAs guaranteed health benefits to the plaintiff retirees until at least April 24, 2009, there was no urgency to support an "advisory opinion" on the parties' respective rights and obligations after the expiration of the CBAs, particularly because the plaintiff retirees had not sought such an opinion from the Court. Therefore, the Court entered judgment in favor of the Union and plaintiff retirees and against Borgwarner on January 16, 2009.

On February 26, 2009, the Union and DTP executed a Plant Shutdown Agreement, which established that the CBAs would not be renewed or revised, will expire, and will not

be replaced. Nevertheless, the Plant Shutdown Agreement preserved the present dispute over lifetime benefits when it provided:

> The Company and the Union have a dispute with respect to the nature of the Company's obligation to provide post-retirement health care benefits to employees who retired prior to February 23, 2009[,] and their dependents. Nothing in this Plant Shutdown Agreement affects the parties' rights or positions with regard to that dispute.

Am. Compl. ¶ 43.

The very same day that Borgwarner and the Union executed the Plant Shutdown Agreement, Borgwarner filed the instant declaratory class action. Borgwarner seeks a declaratory judgment that "under the terms of the collectively bargained agreements entered into during the relevant time period, the Class Representatives and retiree Class do not have vested lifetime health insurance benefits. . . . [t]hus DTP will not breach its obligations under the collectively bargained agreements by modifying the Plans effective May 1, 2009." Compl. ¶ 51.

On March 11, 2009, retirees Willard L. Sloan ("Sloan"), Eugene J. Winningham ("Winningham"), Bob L. Bertram ("Bertram"), and James L. Kelley ("Kelley") (collectively, the "Michigan Plaintiffs"), filed a class action complaint against Borgwarner in the United States District Court for the Eastern District of Michigan (the "Michigan case"). *See* Cause No. 2:09-cv-10918. According to the Union, the Michigan Plaintiffs seek a declaratory judgment that Borgwarner is obligated under CBAs to provide the class plaintiffs and other class members with vested lifetime retiree health care benefits. Two days later, on March 13, 2009, Borgwarner filed an Amended Complaint in this matter to add the Michigan Plaintiffs as individual defendants and class representatives.

On March 23, 2009, the Union moved to dismiss Borgwarner's original Complaint, claiming, among other things, that Borgwarner inappropriately filed a declaratory action in this Court in anticipation of the Michigan case, and that, given the pending Michigan case, this Court's efforts would be unnecessarily duplicative. On April 10, 2009, the Union moved to strike Borgwarner's Amended Complaint for failure to request leave from the Court. In addition, the Union urged the Court to deny such leave as futile in the event Borgwarner requested leave. On May 1, 2009, Borgwarner requested leave to file its Amended Complaint.

On June 17, 2009, the Michigan court denied Borgwarner's motion to transfer that case to the Southern District of Indiana. On July 7, 2009, the Michigan court denied Borgwarner's motion to reconsider the court's transfer order. Finally, on September 4, 2009, the Michigan court granted the Michigan Plaintiff's motion for class certification.

## II. DISCUSSION

First, the Court **GRANTS** the Union's Motion to Strike Borgwarner's Amended Complaint, in which Borgwarner merely added additional defendants. *See Moore v. Indiana*, 999 F.2d 1125, 1128 (7th Cir. 1993) ("Although Rule 15(a) generally permits the plaintiff to amend his complaint once as a matter of course before a responsive pleading is served, here, the plaintiff's requested amendment required leave from the court because it sought to assert claims against additional defendants."). Moreover, for reasons discussed in more detail below, Borgwarner's Motion to Amend Complaint is **DENIED**. *Id*

("Under Rule 15 . . . the court should not allow the plaintiff to amend his complaint when to do so would be futile.")

The Declaratory Judgment Act ("DJA") permits federal courts to "declare the rights and other legal relations of any interested party seeking such declaration," where there is "an actual controversy" within their jurisdiction." 28 U.S.C. § 2201(a). The DJA "grants the district court 'wide discretion' in deciding whether or not to exercise this authority." *Nationwide Ins. v. Zavalis*, 52 F.3d 689, 692 (7th Cir. 1995) (citing *A.G. Edwards & Sons, Inc. v. Public Building Comm'n of St. Clair County, Ill.*, 921 F.2d 118, 120 (7th Cir. 1990)). Importantly, a district court may exercise its discretion not to hear a declaratory action where doing so would waste judicial resources. *See Crowley Cutlery Co. v. United States*, 849 F.2d 273, 279 (7th Cir. 1988). Indeed, "the question [of] whether a litigant should be able to litigate the same issue at the same time in more than one federal court is an easy one–he should not be." *Id.* (citing *Tempco Electric Heater Corp. v. Omega Eng., Inc.*, 819 F.2d 746, 747-49 (7th Cir. 1987)).

Here, the Court declines to declare the rights of the parties under the DJA. As noted above, the Michigan court has declined to transfer the Michigan case to this Court. In addition, on September 4, 2009, the Michigan court certified a class of plaintiffs in order to declare the parties' respective rights regarding lifetime benefits. Although Borgwarner claims it is entitled to have this Court hear its declaratory judgment action because it filed its Complaint first, the Michigan case has proceeded far enough such that retaining Borgwarner's Complaint here would waste judicial resources. *Crowley Cutlery*, 849 F.2d at 279. Any amendment by Borgwarner of its Complaint would be futile. The Union's Motion to Dismiss Borgwarner's original Complaint is **GRANTED** for the same reasons.

### III. CONCLUSION

For the foregoing reasons, the Court makes the following rulings:

(1) the Union's Motion to Dismiss is **GRANTED**;

(2) the Union's Motion to Strike Amended Complaint or, in the Alternative, Motion to Dismiss Plaintiff's Amended Complaint, is **GRANTED**;

(3) the Union's Motion to Strike Notice (Other) of Ruling is **DENIED**;

(4) Borgwarner's Motion to Amend Complaint is **DENIED**; and

(5) Borgwarner's Motion for Extension of Time (Dkt. No. 78) is **DENIED AS MOOT**.

The Court notes that, to date, none of individual defendants have joined the Union's Motion to Dismiss. Therefore, if any individual defendant does not wish to join the Union's Motion to Dismiss, the Court hereby **ORDERS** said individual defendant to provide Notice to the Court that the individual defendant **DOES NOT** wish to join the Union's Motion to Dismiss within **thirty (30) days** from the date of this Order. Otherwise, the Court will assume the individual defendants have joined the Union's Motion to Dismiss and will enter judgment on Borgwarner's claims accordingly.

IT IS SO ORDERED this 9th day of November, 2009.

_____
LARRY J. McKINNEY, JUDGE
United States District Court
Southern District of Indiana

Distribution attached.

Distribution to:

Kim F. Ebert
OGLETREE, DEAKINS, NASH, SMOAK & STEWART
kim.ebert@ogletreedeakins.com

Robert Adam Hicks
MACEY SWANSON & ALLMAN
rhicks@maceylaw.com

Kristin B. Keltner
OGLETREE, DEAKINS, NASH, SMOAK & STEWART
kristin.keltner@odnss.com

Barry A. Macey
MACEY SWANSON AND ALLMAN
bmacey@maceylaw.com

Kenneth B. Siepman
OGLETREE, DEAKINS, NASH, SMOAK & STEWART
kenneth.siepman@odnss.com